Per Curiam.

Appellant contends that the subject property is composed entirely of a land fill which can, under the evidence, be at most an improvement made in the exercise of a littoral right; and that littoral rights of upland owners and improvements made in the exercise thereof are not separately taxable as real property, the valuation thereon being included in the valuation of the upland, and must necessarily have a real property tax valuation of zero.
The cause was submitted to the Board of Tax Appeals on the statutory transcripts supplied by appellees and the evidence submitted at the hearing. The board stated that the only issue to be decided was whether the subject property, formerly submerged land under the water of Lake Erie, was liable to real property taxation. The board found from the record that visible land exists and that it was impossible to determine, except by inference, whether that land was “filled” by man, and if so by whom, or whether it was “filled” by accretion, and that, regardless of the name in which it is listed for taxation, it is liable to taxation until and unless it is exempted by the Board of Tax Appeals or a court of competent jurisdiction.
From an examination of the record, this court is of the opinion that the decision of the Board of Tax Appeals is not unreasonable or unlawful, and it is, therefore, affirmed.

Decision affirmed.

"Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.
Taft, J., concurs in the judgment.